Fults v. Wynn.

CAROLINE FULTS, Administratrix, and DELOS MILLS, Administrator, &c., of LEWIS H. FULTS, deceased, Appellants, v. WILLIAM WYNN, Respondent.

(GENERAL TERM, FIFTH DISTRICT, OCTOBER, 1869.)

A notice of appeal from a judgment of a justice's court, which necessarily shows the respondent how the judgment should be more favorable to the appellant, and enables the former to make the offer permitted by section 371 of the Code, is sufficient, upon the question of costs, although it does not state, *in hæc verba*, that the judgment should have been "more favorable."

APPEAL from an order of the Lewis County Court, affirming the taxation of the costs of the respondent, in that court, and refusing to tax the costs of the appellants. The facts are stated in the opinion.

*C. E. Stephens*, for the appellants.

*A. J. Mereness*, for the respondent.

Present—BACON, FOSTER and MORGAN, JJ.

By the Court—FOSTER, J. Lewis H. Fults commenced an action in a justice's court, in the county of Lewis, against William Wynn. An issue was joined and a trial had, which resulted in a judgment in favor of Wynn for one dollar of damages and $6.60 costs. Conceiving himself aggrieved, Wynn appealed to the County Court of Lewis county, where two trials were had, in each of which the jury disagreed, and afterward Lewis H. Fults died, and his administratrix and administrator, above named, continued the action in their names; and on a third trial, Wynn obtained a verdict against them for the sum of thirty dollars. Thereupon each party claimed costs of the other. The clerk taxed the costs of the defendant. The plaintiff appealed to the County Court,

where the taxation was affirmed, and the taxation of the plaintiff's costs refused, and they appeal to this court.

By the return of the justice, it appeared that the defendant, Wynn, who was the appellant in the court below, served upon him a notice of his appeal, and which was annexed to the return, which stated, among other things, that: "5th. The judgment should, from the evidence, have been in favor of the defendant for $150." And the defendant also claimed that the judgment should have been more favorable to him for the following reasons, viz. :

"1st. The judgment should have been for a larger amount in favor of defendant.

"2d. The judgment should have been in favor of defendant for at least $150 damages."

It is claimed, on the part of the appellant, that the notice of appeal to the County Court, which was served on the plaintiff in the justice's court, was different from the one served on the justice. That that notice did not sufficiently state the grounds of appeal, to call upon the plaintiff to make an offer, and that the notice served on the party is the one by which the determination as to costs is to be controlled.

Upon the question whether a notice, like the one served upon the justice, was served on the plaintiff, the affidavits are conflicting, and there is no positive proof from any one that such notice was not served; while the defendant's affidavits are quite satisfactory in showing that it was. But I think that the notice which the appellant here claims was served on the plaintiff below, was sufficient to require him to make an offer, more favorable to the defendant than the judgment which he appealed from, if he would relieve himself from costs, in case the defendant should obtain a larger verdict in the County Court.

That notice did not use the terms "more favorable," but it stated that the judgment was rendered against the plaintiff for one dollar of damages and $6.60 costs, and the fourth and fifth grounds of appeal were stated as follows :

Fulta *. Wynn.

"4th. The evidence in the case showed that the plaintiff was indebted to the defendant in the sum of $150.

"5th. The judgment should, from the evidence, have been in favor of the defendant for $150."

The court in this district has been very strict in requiring the appellant, in his notice of appeal from a justice's court, to state clearly *how* the judgment should be more favorable to him, if he would allege afterward that he was entitled to the costs of the appeal, and has required a more full and clear statement from him than is required in most of the other districts; but we have never decided that the words "more favorable" should be used in the notice, nor has such decision been made in any other district that we are aware of. Nor can it be necessary to insert such words. Both parties are aware of the amount of damages in the justice's court; and besides, in this case, the notice of appeal stated the amount, and when the notice of appeal also claimed that the judgment should have been for $150 instead of one dollar, as it was, it necessarily informed the plaintiff that the claim was that it should be "more favorable" than it was; and it also informed him *how much* more favorable he claimed it should be. And it communicated to him all the real information which could be necessary to enable him to offer judgment for such sum as would, at least, equal in amount any verdict which the defendant might recover against him.

The defendant having stated in his notice that the judgment should have been for $150 instead of the sum for which it had been rendered, it became the duty of the plaintiff unless he believed that on the appeal the damages could not be increased ten dollars, to make an offer. He omitted to make any offer. The damages in favor of the defendant were increased more than ten dollars, and he was clearly entitled to the costs of the appeal.

The order of the County Court affirming the taxation of costs by the clerk, should be affirmed with ten dollars costs.

BACON and MORGAN, JJ., concurred.

Judgment affirmed with costs.